IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

IN THE MATTER OF THE
ADMINISTRATIVE INSPECTION OF:

SUSAN ELAINE WEBB, M.D.　　　　Docket No. 3:20-MJ-1091
9330 PARK WEST BOULEVARD, SUITE 409
KNOXVILLE, TENNESSEE 37923

## APPLICATION AND AFFIDAVIT

STATE OF TENNESSEE

COUNTY OF KNOX, to-wit:

I, Mark Allen Armstrong II, being first duly sworn, do hereby depose and state as follows:

Your affiant, Mark Allen Armstrong II, is a duly appointed Supervisory Diversion Investigator of the Drug Enforcement Administration, United States Department of Justice, assigned to the Knoxville, Tennessee Resident Office.

Pursuant to 21 U.S.C. §§ 878(2) and 880(b)(1), (2), and (3), and Section 3, Appendix to Subpart R, Title 28, Code of Federal Regulations, your affiant is authorized to execute administrative inspection warrants for the purpose of inspecting controlled premises of persons and firms registered under the Controlled Substances Act (CSA) (21 U.S.C. §§ 800 *et seq.*) in order to inspect, copy and verify the correctness of all records, reports and other documents required to be kept or made under 21 U.S.C. § 827 and 21 C.F.R. §§ 1304.01 *et seq*.

Susan Elaine Webb, M.D., is registered under the provisions of the CSA, 21 U.S.C. §§ 823 *et seq.*, as a practitioner, and has been assigned DEA registration number BW5414874 in Schedules 2, 2N, 3, 3N, 4, and 5, and is doing business at 9330 Park West Boulevard, Suite 409, Knoxville, Tennessee 37923. That said place of business is a controlled premise within the meaning of 21 U.S.C. § 880(a) and 21 C.F.R. § 1316.02(c).

Susan Elaine Webb, M.D., also is registered under the provisions of the CSA, 21 U.S.C. § 823 *et seq.*, as a practitioner authorized to dispense and prescribe narcotic drugs to individuals for maintenance treatment or detoxification for opioid addiction. Dr. Webb is registered with DEA to provide treatment for opioid addiction at 9330 Park West Boulevard, Suite 409, Knoxville, Tennessee 37923. Your affiant has examined the files and records of the Drug Enforcement Administration, and has determined that Susan Elaine Webb, M.D., is authorized to provide addiction treatment to up to 275 individuals.

Susan Elaine Webb, M.D., is required to keep complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed of by her pursuant to 21 U.S.C. § 827 and 21 CFR §§ 1304.01 *et seq.* on the controlled premises. Pursuant to 21 CFR § 1304.22(c), persons registered to dispense controlled substances are required to record the number of units or volume of such finished form dispensed, including the name and address of the person to whom it was dispensed, the date of dispensing, the number of units or volume dispensed, and the written or typewritten name or initials of the individual who dispensed the substance. Dr. Webb also is required to keep complete and accurate records of all controlled substances prescribed in the course of maintenance or detoxification treatment pursuant to 21 U.S.C. § 827(c)(1)(A) and 21 CFR § 1304.03(c).

As used in this affidavit, Buprenorphine, a Schedule 3 controlled substance, marketed under the brand names Subutex, Suboxone, and Sublocade, is specifically approved by the Food and Drug Administration for use in maintenance and detoxification treatment.

In January 2016, Dr. Webb entered into a three-year Memorandum of Agreement (MOA) with the DEA. The purpose of the MOA was to correct numerous controlled substance recordkeeping violations that were uncovered in the course of a 2015 scheduled inspection of Dr. Webb's maintenance and detoxification activities. The MOA further cited Dr. Webb for her failure to disclose, on a DEA-224a Application for Renewal of Registration, disciplinary action taken by the Tennessee Board of Medical Examiners (TNBME), which placed Dr. Webb's medical license under probation. The MOA, which expired on February 8, 2019, restricted Dr. Webb from ordering, storing, administering, and dispensing controlled substances. The MOA also required Dr. Webb to personally answer all liability questions properly when renewing her DEA registration in the future.

In May 2019, your affiant reviewed internal DEA records of physicians in eastern Tennessee who purchased buprenorphine. These records revealed that Dr. Webb had purchased 2,220 tablets of buprenorphine since December 3, 2018, approximately two months prior to the expiration of the MOA.

In the same month, your affiant reviewed internal DEA records of Dr. Webb's registration history, learning that Dr. Webb last renewed her DEA registration on April 4, 2018. At that time, Dr. Webb answered "No" to a question asking whether she ever had a state professional license restricted or placed on probation. Moreover, Dr. Webb answered "No" to a question asking if she ever had a federal controlled substance registration revoked, suspended, restricted or denied[1].

In July 2019, your affiant and another DEA investigator interviewed Dr. Webb at her registered location, 9330 Park West Boulevard, Suite 409, Knoxville, Tennessee 37923. Also present in the interview was Dr. Webb's husband/office manager.

Dr. Webb confirmed to investigators that her clinic dispenses buprenorphine to patients in the course of maintenance and detoxification treatment. Dr. Webb stated the clinic began purchasing buprenorphine in December 2018. When investigators reminded Dr. Webb that the

---

[1] 21 U.S.C. 843(d) states that any person who knowingly or intentionally furnishes false or fraudulent information in the application is subject to imprisonment, fine, or both.

MOA restricted her from handling controlled substances until February 2019, Dr. Webb advised she believed the agreement had expired before December 2018.

Investigators further noted to Dr. Webb that the MOA required her to disclose liabilities on all registration applications with DEA, but that her most recent renewal application failed to disclose those liabilities. In response, Dr. Webb's husband/office manager stated that he submitted the renewal application on Dr. Webb's behalf.

In the course of the July 2019 interview, investigators inventoried all controlled substances on-hand at Dr. Webb's registered location. Investigators obtained a print-out of Dr. Webb's buprenorphine dispensing log, along with an exemplar of an "Approved Prescription" form and corresponding invoice. According to Dr. Webb and her husband, an "Approved Prescription" form and invoice accompanies each dispensing of buprenorphine from Dr. Webb's office[2]. Dr. Webb informed investigators that buprenorphine dispensing also is recorded in her electronic patient file system.

In November 2019, investigators conducted a second interview of Dr. Webb. In the course of the interview, Dr. Webb affirmed that she herself did indeed submit her last renewal application in April 2018. Dr. Webb stated she answered "No" to the questions in concern because the DEA already knew about her liabilities.

After the November 2019 interview, your affiant contacted Dr. Webb's buprenorphine supplier, Amerisourcebergen Corporation (Amerisourcebergen), to obtain records pertaining to Dr. Webb's customer account and controlled substance purchases. Your affiant obtained the requested records, which included copies of questionnaires filled-out by Dr. Webb in the course of procuring controlled substances from Amerisourcebergen. Your affiant has reviewed these records and determined that Dr. Webb, despite being specifically requested by Amerisourcebergen to describe any disciplinary action by a state medical board or DEA, declined to provide such information.

In the course of the investigation, your affiant utilized Dr. Webb's buprenorphine dispensing log to perform an accountability audit of controlled substances received by Dr. Webb's medical practice. The audit revealed that Dr. Webb failed to account for 221 of 5,299 buprenorphine 8mg tablets.

In addition to the aforementioned audit discrepancy, the buprenorphine dispensing log fails to contain all of the information required by 21 CFR § 1304.22(c), such as the address of the person to whom it was dispensed and the initials of the individual who dispensed or administered the substance on behalf of the dispenser. Moreover, in some instances, it neglects to list even the full name(s) of the individual(s) receiving the medication. For example, on approximately ten separate

---

[2] In the course of the investigation, your affiant reviewed this exemplar document, noting a discrepancy between the amount that Dr. Webb authorized to be dispensed, and the amount that the office actually dispensed. According to the "Approved Prescription" form, Dr. Webb authorized the dispensing of 15 buprenorphine 8mg tablets, but the corresponding invoices reflects 30 tablets as being dispensed.

occasions, the dispensing log documents the dispensing of buprenorphine, but it identifies the recipients as merely "Josh & Sandra."

As previously delineated, Dr. Webb is required to keep complete and accurate records of all controlled substances prescribed in the course of maintenance or detoxification treatment pursuant to 21 U.S.C. § 827(c)(1)(A) and 21 CFR § 1304.03(c). Information obtained from the Tennessee Controlled Substance Monitoring Database indicates that Dr. Webb, since May 1, 2018, prescribed (not dispensed) buprenorphine on approximately 800 occasions to an estimated 197 patients, which presumably were issued in the course of maintenance or detoxification treatment. Interviews with Dr. Webb indicate that Dr. Webb maintains these prescription records solely within the patient files of her electronic health record system. Henceforth, your affiant represents the need to access Dr. Webb's patient files to review records of controlled substances prescribed in the course of maintenance or detoxification treatment.

Also as previously delineated, Dr. Webb maintains dispensing records not only in the aforementioned dispensing log but also in electronic patient health records. As previously delineated, Dr. Webb's buprenorphine dispensing log fails to contain all of the information required by 21 CFR § 1304.22(c). Henceforth, your affiant represents the need to review dispensing records within Dr. Webb's patient records. These dispensing records include, but may not be limited to, Dr. Webb's "Approved Prescription" forms/invoices, which, to the best of your affiant's knowledge, are contained within the patient files of Dr. Webb's electronic health record system.

Your affiant represents that Susan Elaine Webb, M.D., is under investigation by the Drug Enforcement Administration for her violation of the aforementioned MOA, furnishing false information on DEA applications, and failing to keep complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed of by her pursuant to 21 U.S.C. § 827 and 21 CFR §§ 1304.01 *et seq.*

Your affiant further represents that the need for inspecting Dr. Webb's registered location, 9330 Park West Boulevard, Suite 409, Knoxville, Tennessee 37923, and the need for verifying the correctness of inventories, records, reports, and other documents required to be kept under the CSA, result from a valid public interest in the effective enforcement of the CSA and implementing regulations.

The affiant further states that the inspection will be conducted within regular business hours, that the Investigator's credentials will be presented to the registrant, that the inspection will begin as soon as practicable after the issuance of the warrant and will be completed with reasonable promptness[3], and that the warrant will be returned within 10 days.

---

[3] Although the Act does not explicitly provide for copying of items listed under 21 U.S.C. 880(b)(3)(B), the affiant requests that the court authorize the copying (and if necessary, seizure for the purpose of copying) such items (whether they be in written or printed form) in order to appropriately verify the records that are required to be kept under 21 U.S.C. 880(b)(3)(A). Further, if the relevant items are seized, copied, and returned in a reasonably prompt fashion, it will allow DEA to more quickly, efficiently, and thoroughly inspect the registered premises, and minimize disruption of the medical practice.

The affiant further states that the inspection will extend to the inspection and copying of inventories, records, reports, prescriptions, order forms, invoices, and other documents, including electronically-stored data, required to be kept and the inspection of all other things therein including records, files, and papers appropriate for the verification of the records, reports, and documents required to be kept under the CSA. The inspection will also extend to the inspection and inventory of stocks of controlled substances, finished or unfinished substances and pertinent equipment associated with the storage and handling of controlled substances, and if necessary and applicable records and/or samples of controlled substances will be seized.

The affiant requests that this Court authorize investigators and agents to copy, or "mirror image" all computerized storage areas, including hard drives, diskettes, and other such storage devices where records and documents sought by this administrative inspection warrant may be found in electronic form and perform whatever techniques are necessary to ensure that the imaged copies are accurate copies. As to inspection of the contents, investigators or agents are authorized to analyze the electronically stored data using any of the following techniques: (a) surveying various file "directories" and the individual files they contain in order to locate records authorized for inspection or seizure by the warrant; (b) "opening" or reading the first few "pages" of such files in order to determine their precise contents; (c) "scanning" storage areas to discover and possibly recover recently deleted data and scanning storage areas for deliberately hidden files; and (d) performing electronic "keyword" searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the inspection.

The affiant will be accompanied by one or more Investigators who are employees of the Attorney General authorized to conduct administrative inspections. If the registrant or any person subject to the Act refuses to permit execution of the administrative inspection warrant, or impedes an Investigator in the execution of that warrant, he or she will be advised that such refusal or action constitutes a violation of section 402(a)(6) of the Act (21 U.S.C. 842(a)(6)). If he or she persists and the circumstances warrant, he or she shall be arrested and the inspection shall commence or continue.

A return will be made to this United States Magistrate Judge upon the completion of the inspection. The affiant further states that he has verified, and has knowledge of the facts alleged in this affidavit, and that they are true to the best of his knowledge.

Further your affiant sayeth naught.

_____
Mark Allen Armstrong II
Supervisory Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscribed in my presence on this __16th__ day of ___June___, 2020.

_____
Debra C. Poplin
United States Magistrate Judge